Luda Dollosa BAROI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71239.

INS No. A73–413–574.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

Before BROWNING, KLEINFELD,
and McKEOWN, Circuit Judges.

MEMORANDUM **

Luda Dollosa Baroi, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ") order denying her application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998). We deny the petition.

Baroi testified that her Bangladeshi husband was unable to practice medicine in the Philippines and thus she and her family could not live together in the Philippines. Because this evidence does not compel the conclusion that Baroi was persecuted or has a well founded fear of persecution on account of an enumerated ground, the BIA's determination that Baroi failed to establish eligibility for asylum

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

is supported by substantial evidence. *See Acewicz v. INS,* 984 F.2d 1056, 1060–62 (9th Cir.1993). Therefore, Baroi failed to establish eligibility for asylum. *See id.* at 1061. It follows that she failed to meet the more stringent standard for withholding of deportation. *See id.* at 1062.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.